UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

KYLE B. RICHARDS,

               Petitioner,

v.

KRIS TASKILA,

               Respondent.

_____/

Case No. 2:20-cv-35

Honorable Robert J. Jonker

## <u>OPINION</u>

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim cognizable on habeas review.

## Discussion

### I.     Factual allegations

Petitioner Kyle B. Richards is incarcerated with the Michigan Department of Corrections at the Baraga Correctional Facility (AMF) in Baraga County, Michigan. Petitioner is presently serving a consecutive string of sentences imposed in three criminal proceedings. Petitioner is serving a sentence of 3 to 20 years for bank robbery, in violation of Mich. Comp. Laws § 759.531, imposed by the Macomb County Circuit Court on August 2, 2011, following Petitioner's guilty plea. Petitioner is also serving a sentence of 2 to 5 years for assault of a prison employee, in violation of Mich. Comp. Laws § 750.197c, imposed by the Washtenaw County Circuit Court on October 20, 2011, following his guilty plea. Finally, Petitioner is serving a sentence of 3 years, 10 months to 40 years for assault of a prison employee—Petitioner spat on an MDOC Corrections Officer—in violation of Mich. Comp. Laws § 750.197c, imposed by the Ionia County Circuit Court on May 1, 2018, following a jury determination of Petitioner's guilt.

This is not Petitioner's first habeas petition. In *Richards v. McKee*, No. 1:14-cv-77 (W.D. Mich.), Petitioner filed a habeas petition challenging his conviction and sentence for bank robbery. By judgment entered January 3, 2017, the Court denied the petition for failure to raise a meritorious federal claim. In *Richards v. Lesatz*, No. 2:29-cv-34 (W.D. Mich.), Petitioner filed a habeas petition challenging his second conviction and sentence for assault of a prison employee. By judgment entered March 22, 2019, the Court dismissed the petition without prejudice for failure to exhaust state court remedies. Petitioner then exhausted his state court remedies and, recently, returned to this Court with a new petition challenging the Ionia County conviction and sentence. *Richards v. Taskila*, No. 2:20-cv-22 (W.D. Mich.). In addition to those petitions, Petitioner has filed two petitions challenging denials of parole: *Richards v. Debhour et al.*, No. 1:14-cv-340 (W.D. Mich.), and *Richards v. Lesatz*, No. 2:29-cv-12742 (E.D. Mich.). Those petitions were

dismissed, on April 22, 2014, and September 30, 2019, respectively, for failure to raise a meritorious federal claim cognizable on habeas review.

On February 25, 2020, Petitioner filed this habeas corpus petition raising three grounds for relief, as follows:

I.      The MDOC's Security Classification Committee's illegitimate classification of mentally disabled prisoners to administrative segregation for behaviors resulting from a psychological illness is flagrantly unconstitutional.

II.     The MDOC's Security Classification Committee's illegitimate and prolonged segregation of mentally ill and non-mentally ill inmates violates both international law and the United States' treaty obligations.

III.    The MDOC's security Classification Committee's illegitimate segregations of inmates for indefinite periods of time is flagrantly unconstitutional.

(Pet., ECF No. 1, PageID.5, 11, 16.)

## II.     Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA).  The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  This standard is "intentionally difficult to meet."  *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

Petitioner's habeas issues, however, do not even implicate the AEDPA standard. The claims he raises are simply not suited for resolution on habeas review. Title 28, Section 2254, United States Code provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of habeas petitions under § 2254 rather than complaints under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Constitutional challenges to the conditions of confinement, on the other hand, are proper subjects for relief under 42 U.S.C. § 1983. *Id.* The *Preiser* Court, however, did not foreclose the possibility that habeas relief might be available even for conditions of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such prison conditions. *See Johnson v. Avery*, 393 U.S. 483, (1969); *Wilwording v. Swenson, supra*, at 251 of 404 U.S. . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. *See* Note, Developments in the Law—Habeas Corpus, 83 Harv.L.Rev. 1038, 1084 (1970).[]

*Preiser*, 411 U.S. at 499 (footnote omitted). But, the Court has also never upheld a "conditions of confinement" habeas claim. Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Court acknowledged that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ." *Id.* at 751 n.1.

The Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("'Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a

claim is properly brought pursuant to 42 U.S.C. § 1983.'"); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement . . . This is not the proper execution of sentence claim that may be pursued in a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983."). Petitioner's claims regarding the constitutionality of his placement in segregation are claims regarding the conditions of his confinement, not its fact or duration; therefore, the claims should be raised by a complaint for violation of 42 U.S.C. § 1983.

Pro se pleadings are to be liberally construed; but, the proper resolution of this petition is dismissal, not reconstruction as a complaint under § 1983. *See Martin*, 391 F.3d at 714. It is noteworthy that Petitioner is familiar with the process for filing complaints under § 1983. He filed more than a dozen in this court over a two-year period. His complaints lacked sufficient merit so frequently that he was barred from filing such complaints unless he paid the $400.00 filing fee up front or demonstrated imminent danger of serious physical injury. Perhaps he presents his "conditions of confinement" claims as a habeas petition—with a $5 filing fee—in the hope of avoiding the $400.00 fee for a § 1983 complaint.

Petitioner's habeas petition will be dismissed for failure to raise a meritorious federal claim cognizable on habeas review. The dismissal is without prejudice, however, to presentation of the claims in a complaint under 42 U.S.C. § 1983.

### III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.  Moreover, for the same reasons the Court concludes Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court concludes that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:     March 31, 2020          /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE